IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MEYER | ) | |
| Plaintiff | ) | |
| | ) | 13-cv-03303 |
| v. | ) | |
| | ) | Magistrate Judge M. Rowland |
| KRISTA WARD *et alia* | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

Plaintiff has filed an amended complaint comprising eight counts. Counts Four and Six of the amended complaint were dismissed by court order under F.R.C.P. 12.

Count One of the amended complaint alleges sales of unregistered securities. (¶¶ 42-56 Amended Complaint) Count Seven of the amended complaint seeks rescission due to defendants' lack of registration and the unregistered nature of the securities sold to plaintiff. (¶¶ 90-92 Amended Complaint) Defendants are entitled to summary judgment on Counts One and Seven because the securities sold to plaintiff were exempt from registration.

Count Two of the amended complaint seeks damages suffered by plaintiff through defendants' violation of anti-fraud provisions of the Section 10(b)(5) of the Exchange Act of 1934. (¶¶ 57-67 Amended Complaint) Count Three of the amended

1

complaint seeks damages suffered by plaintiff through defendants' violation of anti-fraud provisions of the Illinois Securities Act. (¶¶ 68-71 Amended Complaint) Count Five of the amended complaint seeks damages suffered by plaintiff through defendants' common law fraud through material misstatements of fact and omissions of material facts. (¶¶ 79-82 Amended Complaint) Defendants are entitled to summary judgment on the fraud allegations of Counts Two, Three and Five because: (a) Plaintiff has no evidence that defendants knowingly made false statements and (b) Plaintiff has no evidence that any statements made by defendants caused him to suffer any damages.

Count Eight of the amended complaint seeks damages suffered by plaintiff through the unjust enrichment of defendants. (¶¶ 93-96 Amended Complaint) Defendants are entitled to summary judgment on Count Eight because (a) Plaintiff has no evidence of any wrongful conduct by defendants and (b) Plaintiff has no evidence that any alleged wrongful conduct caused him to suffer any damages.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue on any material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). The purpose of summary judgment is to "*pierce the pleadings and to assess the proof* in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). (Emphasis Added.)

"The party seeking summary judgment bears the initial burden of proving

there is no genuine issue of material fact. … [However a] *plaintiff cannot rest on mere allegations, but must go beyond the pleadings and designate specific facts* showing a genuine issue for trial." *Celotex Corp. v. Catrett* 477 U.S. 317, 324 (1986). (Emphasis Added.)

"In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence… 'conclusory allegations alone cannot defeat a motion for summary judgment.'" *Thomas v. Christ Hospital and Medical Center*, 328 F.3d 890, 894 (7th Cir. 2003)  Where plaintiff cannot produce any evidence to support his mere allegations against defendants, defendants are entitled to summary judgment as a matter of law.

## UNREGISTERED SECURITIES
## COUNTS ONE AND SEVEN

Plaintiff purchased shares in the Calhoun Market Neutral Fund, a "Private Offering." Plaintiff alleges these securities were not properly registered under the U.S. securities laws.

However, the offering memorandum of the Calhoun Market Neutral Fund states that the fund is a Cayman Island Exempted Limited Company and not subject to the U.S. registration requirements. (See Exhibit 1) Further plaintiff signed an acknowledgement he read and understood the offering memorandum. (See Exhibit 2)

"Federal securities laws exempt from registration requirements certain private placements by the issuer," *Marks v. CDW Computer Centers, Inc.,* 901 F.

3

Supp. 1302, 1311 (N.D. Ill., 1995) Securities registered by a foreign private issuer are exempt from the registration requirements of the U.S. securities laws. (See 17 CFR 240.3a12-3)

Plaintiff has also been licensed in the securities business since 1998 as a registered investment advisor and a Series 7 registered representative authorized to present securities to customers and should be knowledgeable of the securities laws and their exemptions. (Rule 56.1 Statement of Uncontested Facts ¶15 "Uncont. Facts")

Finally, plaintiff has no evidence that the securities he purchased from defendants should have been registered. (Uncont. Facts¶ 13)

As there is no issue of material fact that the securities sold to plaintiff were exempt from registration, defendants are entitled to summary judgement on Counts One and Seven.

## COUNTS TWO, THREE AND FIVE
## ALLEGING FRAUD

Under Section 10(b) and Rule 10b-5, a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. ... [S]cienter, which means 'knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false.'" *Pugh v. Tribune Co.*, 521 F.3d 686, 693 (7th Cir. 2008). Except for the interstate elements in Rule 10b--5, Section 12 of the Illinois Securities Act cover the same violations.

4

*Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123, 127 (7th Cir., 1972)

Illinois common law fraud comprises "(1) a false representation of material facts as opposed to opinion; (2) made by one who knew or believed the representation to be untrue; (3) made to a party who had a right to rely on the representation and, in fact, did so; (4) made for the purpose of inducing the other party to act, or to refrain from acting; and (5) that led to injury to the person who relied on it." *McCarthy v. PaineWebber, Inc.* 618 F. Supp. 934, 941 (N.D. IL, 1985) *citing Trautman v. Knights of Columbus*, 121 Ill.App.3d 911 (1st Dist.1984)):

Plaintiff cannot prove that defendants made a false representation or made it with scienter or knowledge it was false. Further, plaintiff cannot prove that any possible misrepresentation caused his damages.

<u>Defendants Did Not Knowingly Misrepresent Any Material Fact</u>

Plaintiff seeks damages caused by defendants' misrepresentations regarding past performance and "assets under advisement." (Uncont. Facts¶ 26) However, plaintiff does not know what the term "assets under advisement" means. (Uncont. Facts¶ 27) The investigation by the Securities and Exchange Commission, cited by plaintiff (Amended Complaint ¶¶ 8 – 15), centered on the distinction between "assets under management" and "assets under advisement." (Uncont. Facts¶ 28)

An advisor has management and control over a discretionary account. (Uncont. Facts¶ 29) An advisor does **not** have management and control over a non-discretionary account. (Uncont. Facts¶ 30) In a non-discretionary account an advisor merely advises the client how the client may invest the assets of the account. (Uncont. Facts¶ 31) "Assets under advisement" refers to advice regarding

what to do with assets whether or not the assets are being managed by the advisor. (Uncont. Facts¶ 32)

Plaintiff assumed that "assets under management" meant the same thing as "assets under advisement." (Uncont. Facts¶ 33) Plaintiff did not inquire as to the difference between the terms "assets under management" and "assets under advisement." (Uncont. Facts¶ 34)

As plaintiff did not understand the difference between the terms "assets under management" and "assets under advisement" and did not inquire on the difference; he is in no position now to claim that he was misled by defendants.

Plaintiff has no evidence that defendant Ward knew the statements she made were false when she made them. (Uncont. Facts¶ 35) Finally, plaintiff has no evidence and does not think that defendant Ward lied to him. (Uncont. Facts¶ 36, 37)

Where plaintiff cannot prove that defendants made a knowing misrepresentation of material facts, defendants are entitled to summary judgment on Counts Two, Three and Five.

### Any Misrepresentation Did Not Cause Plaintiff's Damages

Plaintiff claims that but for the misrepresentations regarding past performance and assets under advisement, he would not have invested with defendants. (Uncont. Facts¶ 38) Plaintiff has no other evidence as to how the misrepresentations regarding past performance and assets under advisement caused his losses. (Uncont. Facts¶ 39)

6

In *Bastian v. Petren Resources Corp.,* 892 F.2d 680 (7th Cir. 1990) Judge Posner discussed the concept of "loss causation" at length.

"As the plaintiff in this case, the plaintiffs in *Bastian* "alleged that they invested in the defendants' limited partnerships because of the defendants' misrepresentations, and that their investment was wiped out. But they suggest[ed] no reason why the investment was wiped out. They have alleged the cause of their entering into the transaction in which they lost money but not the cause of the transaction's turning out to be a losing one." Bastian 892 F.2d at 684.

Judge Posner went on to state that "[i]t happens that 1981 was a peak year for oil prices and that those prices declined steadily in the succeeding years. ... Suppose that because of the unexpected drop in oil prices after 1981, all or the vast majority of the oil and gas limited partnerships formed in 1981 became worthless. Then it would be highly unlikely that the plaintiffs' loss was due to the defendants' fraud. If the defendants had come clean in their offering memoranda, then we may assume--because the plaintiffs allege, and the case was dismissed on the complaint-- that the plaintiffs would not have invested in the defendants' limited partnerships. But there were plenty of other oil and gas limited partnerships they could have invested in. They wanted to invest in oil and gas limited partnerships; they only wanted to be sure that the general partners were honest and competent people. Yet to be honest and competent is not to be gifted with prevision. If the alternative oil and gas limited partnerships to which these plaintiffs would have turned had the defendants leveled with them were also

7

doomed, despite competent and honest management, to become worthless, the plaintiffs were not hurt by the fraud; it affected the place but not the time or amount of their loss." Bastian 892 F.2d at 684.

Likewise, in the case at bar, plaintiff has alleged that but for defendant's misrepresentations about past experience he would not have invested in the funds of funds. Like the oil and gas market in 1981, it is common knowledge that the entire financial market collapsed in 2008 and is still recovering.

The S&P 500 index lost approximately 40% from the high point in 2008 to the low point in 2009. (Uncont. Fact ¶ 48) However, plaintiff's account suffered losses less than 40% during that time. (Uncont. Fact ¶ 49)

Anyone investing at the time of plaintiff's investment lost money in the financial markets. Judge Posner reasoned that because of the unexpected drop in oil prices in 1981 "all or the vast majority of the oil and gas limited partnerships formed in 1981 became worthless. Then it would be highly unlikely that the plaintiff's loss was due to the defendants' fraud." *Bastian* 892 F.2d at 684.

Similarly, because the entire financial market collapsed in 2008, it is highly unlikely that plaintiff's loss was due to any misstatement of defendants' past experience. As stated above, plaintiff has no evidence how the misrepresentations regarding past performance and assets under advisement caused his losses. (Uncont. Facts¶ 39)

Under the Bastian ruling, plaintiff in the instant case must prove how he suffered damages and how those damages were caused by defendants'

8

misrepresentation of past experience and not the catastrophic financial collapse of 2008. He cannot.

Therefore, as plaintiff has no evidence that any misrepresentation caused his losses, defendants are entitled to summary judgement on Counts Two, Three and Five of the Amended Complaint.

## UNJUST ENRICHMENT
## Count 8

"The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Sherman v. Ryan,* 392 Ill. App. 3d 712. 725 (1st Dist. 2009)

"Under Illinois law, unjust enrichment is not a separate cause of action. 'Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.'" (Citations Omitted) *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436. 447 (7th Cir. 2011.)

Plaintiff's claim for unjust enrichment is tied to his fraud allegations against defendants. As plaintiff cannot sustain a claim of fraud against defendants, he cannot sustain a claim for unjust enrichment. An unjust enrichment claim "will stand or fall with the related claim." Cleary v. Philip Morris Inc., 656 F.3d 511, 517 (7th Cir., 2011)

As plaintiff cannot prove his claims for fraud, he cannot sustain a claim for unjust enrichment. Therefore, defendants are entitled to summary judgment on Count Eight.

## CONCLUSION

WHEREFORE, for all the foregoing reasons and upon the arguments and facts set forth in Defendants' Memorandum in Support of Their Motion for Summary Judgment and Defendants' Local Rule 56.1 Statement in Support of Their Motion for Summary Judgment, defendants respectfully request that this court enter an order granting summary judgment in their favor and dismissing the amended complaint in its entirety with prejudice and award defendants any such other relief as the court deems equitable and just.

/s/ John J. Muldoon, III

Muldoon & Muldoon, LLC
Attorneys for Defendants

Muldoon & Muldoon LLC
30 N. LaSalle St., Suite 2950
Chicago, IL  60602
(312) 739-3550
IL Atty. No. 6185878
Service via email will be accepted at:
jjm@muldoonlaw.com

CERTIFICATE OF SERVICE

      I, John J. Muldoon, III, certify that on this date, I caused the foregoing to be electronically filed with the Court. Electronic notice of this filing will be sent to all counsel of record.

Dated November 5, 2015

                                                /s/ John J. Muldoon, III