UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID MEYER,

    Plaintiff,

v.

KRISTA WARD and CALHOUN
ASSET MANAGEMENT LLC,

    Defendants.

No. 13 C 3303

Magistrate Judge Mary M. Rowland

# MEMORANDUM OPINION AND ORDER

This case arises from alleged violations of the federal and Illinois securities laws. On September 27, 2016, this Court granted in part and denied in part Defendants' motion for summary judgment. The remaining claims at the time of trial were Counts I (Violation of Section 12 of the Securities Act), III (Violation of the Illinois Securities Law of 1953), VII (Rescission), and VIII (Unjust Enrichment).[1] A bench trial between Meyer and Calhoun Asset Management was held before this Court on April 25, 2017.[2] During trial, Defendant moved orally to exclude the December 29, 2011 and July 9, 2012 Orders of the U.S. Securities and Exchange Commission (SEC). For the reasons set forth below, Defendant's oral motion to exclude the De-

---

[1] This Court has jurisdiction pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78aa; 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).
[2] The case against Defendant Krista Ward is stayed as she is in a bankruptcy proceeding. (*see* Dkts. 114, 118).

cember 29, 2011 and July 9, 2012 SEC Orders and any evidence derived therefrom is granted in part and denied in part.

## I. BACKGROUND

Before trial, the parties filed a Joint Proposed Pre-Trial Order which stated in relevant part: "The parties dispute the findings of a prior SEC action involving the Defendant, whether that action is relevant in the present action, whether it is admissible and whether it has any impact on the Plaintiff's investment decisions and alleged losses." (Dkt. 125 at 3). The SEC action[3] refers to the SEC administrative proceedings against Calhoun Asset Management, LLC and Krista Ward, concerning "materially false and misleading statements made by Calhoun, the investment adviser to two fund of funds, and Ward, its principal." (Pl. Exh. 11, at 2). On December 29, 2011, the SEC, "after an investigation," issued an Order Instituting Administrative and Cease-and-Desist Proceedings against Calhoun and Ms. Ward (hereafter, "SEC OIP" or "Pl. Exh. 11"). On July 9, 2012, the SEC issued, and Calhoun and Ms. Ward consented to, an "Order Making Findings and Imposing Remedial Sanctions and a Cease-and-Desist Order" (hereafter, "SEC Consent Decree" or "Pl. Exh. 10").

During trial, Plaintiff, Mr. Meyer, raised the issue of the SEC action during his testimony. Plaintiff's counsel also asked Ms. Ward, on cross-examination, about the SEC action. Defendant's counsel maintained a standing objection throughout trial to any reference to the SEC action. On cross-examination of Mr. Meyer, Defendant's

---

[3] For ease of reference, the SEC proceeding against Calhoun Asset Management, LLC and Krista Ward will be referred to occasionally as the "SEC action."

counsel asked Mr. Meyer whether Ms. Ward's ex-husband told him about her "SEC problems" and whether that led him to sue Ms. Ward. After trial, the Court stated that it would issue a ruling on the admissibility of the SEC OIP and SEC Consent Decree and any evidence derived therefrom, and the parties would then submit post-trial briefs following that ruling.[4]

## II. LEGAL STANDARD

"[D]ecisions regarding the admission and exclusion of evidence are peculiarly within the competence of the district court." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 874 (7th Cir. 2011) (internal quotations and citations omitted). Under Federal Rule of Evidence 408, "Evidence of the following is not admissible…to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." FRE 408(a). However, "[t]he court may admit this evidence for another purpose…." FRE 408(b).

---

[4] The parties previously indicated that they would not be filing any motions *in limine* (*see* Dkt. 124) and indeed no motions *in limine* were filed. The Court raised the issue of the parties' dispute over the SEC action during the April 19, 2017 pre-trial conference. The parties did not request a ruling on the issue before trial and Plaintiff's counsel represented that testimony about the SEC action may not be needed. The Court therefore decided to defer any ruling on the issue.

Federal Rule of Evidence 803(8)(A)(iii) provides an exception to the rule against hearsay for "[a] record or statement of a public office if it sets out…in a civil case… factual findings from a legally authorized investigation." The party opposing the admission of the evidence has the burden to show that "the source of information or other circumstances indicate a lack of trustworthiness." FRE 803(8)(B). Administrative findings may be admissible evidence and a district court "retains significant discretion as to whether such material ought to be admitted." *Halloway v. Milwaukee Cty.*, 180 F.3d 820, 827 n.9 (7th Cir. 1999) (internal citations omitted).

### III. DISCUSSION

**A. The SEC Consent Decree**

The SEC Consent Decree (Pl. Exh. 10) is not admissible evidence in this case. Courts in this district have held that SEC consent decrees are inadmissible under Federal Rule of Evidence 408. *Zivitz v. Greenburg,* No. 98 C 5350, 1999 U.S. Dist. LEXIS 19160, at *10 (N.D. Ill. Nov. 30, 1999); *Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547, 1566 (N.D. Ill. 1985) ("Xonics' acquiescence in the SEC's opinion is not admissible to prove that the original financial statements are admitted to be false or improper."). Other courts have reached the same conclusion. *See e.g. Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP*, No. 1:02-cv-1014-LJM-VSS, 2006 U.S. Dist. LEXIS 65840, at *17-18 (S.D. Ind. Sep. 14, 2006) ("A consent decree, like any settlement, is inadmissible under Federal Rule of Evidence 408.").

The Court notes that evidence of a settlement or consent decree may be admissible for other purposes under Rule 408(b). At trial in this case, however, the testimo-

ny elicited based on the SEC Consent Decree was to prove the truth of the matters asserted in the consent decree or to impeach Ms. Ward's credibility. Neither of these purposes is proper under Rule 408. As the Advisory Committee Notes to Rule 408 state, allowing evidence of settlements for broad impeachment purposes "would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements." Fed. R. Evid. 408 Advisory Comm. Notes (2006 Amend.). Accordingly, the SEC Consent Decree is excluded from evidence, and any reference to the SEC Consent Decree at trial will be stricken and not considered by the Court, subject to an exception described, below.

**B. The SEC Order Instituting Proceedings**

The SEC OIP (Pl. Exh. 11) is admissible evidence under the exception to hearsay in Federal Rule of Evidence 803(8)(A)(iii). The SEC OIP is an order issued after an investigation conducted pursuant the SEC's authority under the Securities and Exchange Act of 1934. 15 U.S.C.S. § 78u. It also appears relevant to some of the issues presented at trial. For example, the findings in paragraphs 9-12 discuss the same individuals and entities discussed at trial and correspond with the timeframe of the allegations in this case.

The Seventh Circuit Court of Appeals has stated that the presumption of admissibility of a Rule 803(8)(A)(iii) report "has considerable force." *Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016). *See also Mathin v. Kerry*, 782 F.3d 804, 809 (7th Cir. 2015) (holding that district court did not err in considering investigative report of the Diplomatic Security Service of the Department of State, which was

admissible under Rule 803(8)); *Baz v. Walters,* 782 F.2d 701, 705 n.2 (7th Cir. 1986) (trial court did not err in admitting findings of Equal Employment Opportunity Commission investigation); *Abrams v. Van Kampen Funds, Inc.,* 2005 U.S. Dist. LEXIS 531, at *56-62 (N.D. Ill. Jan. 12, 2005) (admitting under Rule 803(8) SEC letters issued following an SEC inspection of funds).

The Seventh Circuit's opinion in *Daniel v. Cook Cnty.* is instructive. The Seventh Circuit held that an agreed order entered into between the U.S. Department of Justice (DOJ) and Cook County related to health care at Cook County Jail was not admissible to prove the truth of the statements in the order. 833 F.3d at 743. But the DOJ investigative report that gave rise to the federal lawsuit and agreed order was admissible evidence under the exception to hearsay in Rule 803(8)(A)(iii). *Id.* at 740-743. The Court explained that "[w]e assume that public officials, in crafting such a report, acted 'properly and without bias.'" *Id.* at 740 (internal citations omitted). Similarly, here, although the SEC Consent Decree is not admissible, the SEC OIP is admissible under Rule 803(8)(A)(iii).

Defendant has not rebutted the presumption of admissibility of the SEC OIP.[5] At trial, Ms. Ward pointed out that no trial or hearing on the SEC's findings was held, and she did not admit to the findings, as the consent decree expressly states ("without admitting or denying the findings herein…"). She also testified that she

---

[5] Factors a court may consider in assessing the admissibility of a report under Rule 803(8)(A)(iii) include the timeliness of the report for the present litigation, the skill or expertise of the report's author, whether a hearing was held to evaluate the report, and whether the report had motivation problems. These factors are not exhaustive and should not be applied mechanically. *See Daniel*, 833 F.3d at 741.

did not have all of the relevant documents with her during her interview with the SEC because her personal computer crashed, her hard copy documents were previously destroyed in a flood, and she did not personally maintain otherwise relevant documents related to off-shore accounts. Assuming the truth of these statements, this explanation does not overcome the presumption of admissibility of the SEC OIP. This testimony also goes to the weight of the SEC OIP's findings, not to their admissibility. *See Baz*, 782 F.2d at 705, n.2; *Zaitzeff v. Peregrine Fin. Grp., Inc.,* No. 08 C 4053, 2012 U.S. Dist. LEXIS 6537, at *3 (N.D. Ill. Jan. 20, 2012) (admitting IRS determination letter under Rule 803(8) and stating that defendants' argument that the IRS "got it wrong" goes to the weight and not admissibility of the IRS letter); *Abrams,* 2005 U.S. Dist. LEXIS 531, at *58-59 (the fact that no formal hearing was held did not make the SEC letters untrustworthy).

Accordingly, findings in the SEC OIP are admissible. *See United States v. Sutton*, 337 F.3d 792, 797 (7th Cir. 2003) ("The Supreme Court made clear in *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 163-64 (1988), that the Rule 803(8)(C) exception encompasses opinions and conclusions and is not limited to purely factual findings."); *see also Option Res. Grp. v. Chambers Dev. Co.*, 967 F. Supp. 846, 849 (W.D. Pa. 1996) (SEC consent decree was inadmissible under Rule 408, but the SEC's findings, opinions, and conclusions rendered pursuant to its independent obligations to enforce the securities laws were admissible under Rule 803(8)). In addition, since the trial in this case was a bench trial, any concern about confusing a jury with evi-

dence of an agency's findings is not present here. The Court will be able to weigh the evidence presented at trial.

This Court's ruling regarding the SEC OIP is limited to the conclusion that it is admissible under Rule 803(8)(A)(iii). Any ruling on the relevance of all or parts of the SEC OIP, for example, will be reserved until after the parties have had the opportunity to file their post-trial briefs.[6] *See Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1018 (7th Cir. 2000) (admissible evidence under 803(8)(A)(iii) "is still subject to exclusion on other grounds, such as relevancy."); *Daniel,* 833 F.3d at 742 (stating that although the DOJ Report was admissible evidence, it was "not conclusive.").

In addition, in striking testimony related to the SEC Consent Decree, in fairness to Defendant, the Court will make an exception for Ms. Ward's responses to questions at trial about statements in the SEC Consent Decree that are the same as statements in the SEC OIP. Plaintiff's counsel referred to both SEC Consent Decree and SEC OIP at trial, but the majority of his questions to Ms. Ward referenced the SEC Consent Decree. For example, Plaintiff's counsel asked about the statement in paragraph 10 of the SEC Consent Decree (also paragraph 10 of the SEC OIP) that "Ward never had more than $3 million under management." That statement in the SEC OIP is admissible under Rule 803(8)(A)(iii) and this Court's order. To the extent the Court is not persuaded to exclude it for any other reason, the Court will consider Ms. Ward's response to that question.

---

[6] At trial, defense counsel stated that in the event that the SEC action was determined to be admissible evidence, he intended to challenge the evidence on other grounds.

## CONCLUSION

Defendant's verbal motion to exclude the December 29, 2011 and July 9, 2012 SEC Orders and any evidence derived therefrom is GRANTED IN PART and DENIED IN PART.

E N T E R:

Dated: May 9, 2017

_____
MARY M. ROWLAND
United States Magistrate Judge