IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MEYER | ) | |
|     Plaintiff | ) | |
| | ) | 13-cv-03303 |
|     vs. | ) | |
| | ) | Magistrate Judge M. Rowland |
| KRISTA WARD *et alia* | ) | |
|     Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S POST-TRIAL BRIEF**

**INTRODUCTION**

Plaintiff has the burden to prove his allegations against Defendants. Yet his testimony is full of suppositions, not facts. As stated in Defendants' Post Trial Brief, Plaintiff repeatedly testified that he "assumed" or "interpreted" or "inferred" or "presumed." He presents no facts or expert testimony to back up his theories of liability. His Post-trial brief does not cure the inadequacy of his testimony.

**I.    CALHOUN ASSET MANAGEMENT WAS A
REGISTERED INVESTMENT ADVISOR AND
CALHOUN FUND WAS EXEMPT FROM REGISTRATION AS A SECURITY &
MS. WARD WAS NOT REQUIRED TO BE REGISTERED**

Although Plaintiff offered no evidence that Calhoun Asset Management ("Calhoun"), was required to be registered as an investment adviser. Nor did Plaintiff offered no evidence that Ms. Ward for any reason, needed be registered.

Plaintiff's bald assertion that Ms. Ward was selling securities is not supported by any evidence and in fact contradicts the evidence that the Plaintiff's employer, Orizon, requested Ms. Ward to provide them information on

1

this private offering. (Trial Tr. 45:3-12, 87:13-88:3). The evidence, including Plaintiff's testimony, shows that Calhoun had formed the fund which was being managed by an investment team and administered by an independent third party. (Trial Tr. 130:25 – 131:3) Ms. Ward was an employee and officer of the fund.

Plaintiff testified that Calhoun (formerly Taipan Wealth Advisors) was registered. (Trial Transcript Page 7: Lines 23-25; Page 8: line 22) As Calhoun was registered, Ms. Ward, as its employee was not required to be registered. (See Investment Advisers Act Release No. 688 (July 12, 1979) (persons associated with registered adviser need not separately register as investment advisers solely as a result of their activities as associated persons.)

Further, there is nothing in the SEC through its Order Initiating Administrative and Cease-and-Desist Proceedings ("OIA") that alleges that Ms. Ward or Calhoun failed to be properly registered. As stated in Defendants' Post-trial brief, the CMF was also exempt from registration as a security because it was a private offering pursuant to Rule 506 of Regulation D of the Securities Act of 1933.

Furthermore, an exemption from registration exists under Section 3(c)(1) of The Investment Advisers Act of 1940, (codified at 15 U.S.C. § 80b-1 through 15 U.S.C. § 80b-21) to a fund that does not publicly offer its securities and has 100 or fewer beneficial owners of its outstanding securities. Section 3(c)(7) provides an exemption to a fund that does not publicly offer its securities and limits its

owners to qualified purchasers. As stated in Defendants' Post-trial brief, the CMF met both the Section 3(c)(1) and the Section 3(c)(7) exemptions as well as the exemptions provided Rule 506 of Regulation D of the Securities Act of 1933. It should be further noted that there is nothing in the SEC through its Order Initiating Administrative and Cease-and-Desist Proceedings ("OIA") that alleges that the Calhoun Fund was improperly exempt from registration as a security.

Finally, Plaintiff's Exhibit 4, the Due Diligence Questionnaire (DDQ) on which the Plaintiff testified that he relied upon, clearly states on the first page: "This material is for informational purposes only. This material does not constitute an offer to sell or a solicitation of an offer to purchase any investment product, which can only be made by the Confidential Offering Memorandum of the Fund and then only to persons in such jurisdictions where it would not be unlawful to make such offer or solicitation. This material is not intended to constitute legal, tax or accounting advice, or investment recommendations."

Ms. Ward testified that she was one of the four investment managers of the fund and not selling the fund, but rather only providing Orizon and its employees and clients, including Meyer, the information they requested. (Trial Tr. 97:10-16) Plaintiff presented no evidence to rebut that testimony nor has cited any authority to contradict it.

II.    THE SEC OIA DOES NOT SUPPLY RELEVANT EVIDENCE

A.    On December 29, 2011, the SEC through its OIA alleged (but did not prove) that certain statements about Defendants' "Assets Under Advisement" and

"Assets Under Management." Defendants' Post Trial Brief addresses these terms and any reliance on the part of Plaintiff extensively. As Plaintiff testified, the "Assets Under Advisement" vs. "Assets Under Management" issue was not relevant to his decision to invest in the CMF; he was most interested in the "track record." As stated in Defendants' Post Trial Brief, Plaintiff testified that he understood the difference between "Assets Under Advisement" and "Assets Under Management." (Trial Tr. 58:11-12) Therefore, the OIA statements regarding the issue is not relevant to this case.

B.      The only allegations in the OIA regarding Defendants' "track record" regard the failure to keep records supporting it. Ms. Ward testified extensively that hard copies of the records were destroyed when her basement flooded and any electronic copies were destroyed when her computer crashed, years after the Fund ceased operations. (Trial Tr. 130:7 – 131:3.)  Although defendants may have violated SEC rules regarding record keeping, the destruction of the records prior to the filing of Plaintiff's complaint is not evidence that Defendants' statements, including those regarding the "track record," to Plaintiff were false.

C.      The same can be said for any other record the SEC may have alleged was not maintained. Further, it is important to note that the SEC did not accuse Defendants of intentionally destroying their records or accuse them of supplying a false track record. The mere fact that the records were destroyed does not make Defendants' statements to Plaintiff false.

D.      The SEC also alleged in the OIA that defendants filed false Forms

4

ADV. However, Plaintiff did not testify that he relied upon any Form ADV and therefore defendants cannot be liable to him for any statement made in a Form ADV. SEC statements regarding Forms ADV are also irrelevant.

E.      Finally, Ms. Ward testified that she had good faith defenses to the charges brought by the SEC, including testimony from executives at Fidelity Insurance Company, KPMG Auditors, principals from the Cayman Island Monetary Authority, etc. (Trial Tr. 116:21 – 117:13) However, her health and personal life did not allow her the strength, time or funds to fight the charges at that time, thus she settled with no admission of guilt. (Trial Tr. 96:5-11; 97:9-18, 117:9 – 24; 119:1-7; 120:12-15) Plaintiff presented no evidence to rebut Defendant's testimony that she had good faith defenses to the SEC charges.  As such, this court should give little if any weight to the statements made in the OIA.

III.    THERE IS NO CONCLUSIVE PROOF OF PLAINTIFF'S DAMAGES

Plaintiff does not address damages in his Post Trial Brief. However, as set forth in the pre-trial order Plaintiff invested $209,825.06 in the CMF. It was also agreed that Plaintiff has had $142,213.33 of those funds returned to him. At trial, it was stipulated that an additional $2,110.91 was also returned, for a total redemption of $144,324.24. It was stipulated in the pre-trial order that the S&P 500 index lost approximately 40% from the high point in 2008 to the low point in 2009. (See pre-trial order ¶ 11.) The evidence shows that Plaintiff's CMF shares suffered

losses of only 31%; which is 9% better than had Plaintiff's funds been invested in the S&P Index.

Plaintiff presented no concrete evidence, expert or otherwise, as to how he is entitled to damages in this court. Again, his testimony on the subject is full of suppositions and conjecture. In fact, Plaintiff attempted to tack on additional fees to his damage calculation which he had not lost out-of-pocket. (Trial Tr. 72:13 – 73:7) There is no evidence that Plaintiff paid more than $209,825.06 out-of-pocket.

The evidence does show that the CMF out-performed the market. Plaintiff testified that he was impressed with CMF's structure that would protect against downside risk. (Trial Tr. 70:9-12) That is exactly what the CMF did –made less in "up" markets and lost less in "down" markets! Instead of losing 40% of his funds, he only lost 31%. Therefore, even if the court finds that Plaintiff has sustained his burden of proof on one of his claims; it should not award him any monetary damages.

## CONCLUSION

This court has found that statements made in the SEC's OIA are admissible as evidence. However, Plaintiff has not pointed to this court any particular statement made therein. Furthermore, there is no statement in the OIA that is relevant to his claims as set forth above. Plaintiff has admitted that Calhoun was properly registered and presented no evidence of any requirement that Ms. Ward as Calhoun's employee and officer must also have registered. On the contrary, Ms. Ward has proven that the Calhoun Fund was exempt from

6

registration as a security, that she was managing, not selling, the Fund, and that her registration as an RIA was irrelevant to both her job duties and these proceedings. Finally, Plaintiff has presented no evidence that he suffered damages as a result of CMF's performance when compared to the market at the same time.

For the foregoing reasons, Plaintiff's claims should be dismissed entirely.

Respectfully submitted,

/s/ John J. Muldoon, III
Attorney for Defendants

John J. Muldoon, III
Muldoon & Muldoon, LLC
Illinois Attorney No. 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550

CERTIFICATE OF SERVICE

I, John J. Muldoon, III, certify that on this date, I caused the foregoing to be electronically filed with the Court. Electronic notice of this filing will be sent to all counsel of record.

Dated July 14, 2017

/s/ John J. Muldoon, III