UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| DAVID MEYER,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTA WARD and CALHOUN ASSET MANAGEMENT LLC,<br><br>    Defendants. | No. 13 C 3303<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

After a one-day bench trial, this Court entered final judgment in favor of Defendants Krista Ward ("Ward") and Calhoun Asset Management LLC ("Calhoun"). In its post-trial opinion and order, the Court stated that Defendants may file a motion seeking reasonable costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (Dkt. 140). On January 10, 2018, Ward filed a Bill of Costs seeking a total of $5,777.95.[1] (Dkts. 142, 147). Plaintiff David Meyer ("Plaintiff") does not object to an award of $1812.45 in transcript costs. Plaintiff argues, however, that Ward's request for $3965.50 in "other costs" should be denied. (Dkt. 144). The Court agrees.

A district court has discretion in deciding whether to award costs to a prevailing party. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001) (a

---

[1] Attorney Mr. Muldoon was granted leave to withdraw, nunc pro tunc, to January 1, 2018. Ms. Ward was permitted to pursue her Bill of Costs pro se and on behalf of herself as an individual. The Court notes that Dkt. 147 is a hand-written version of the Bill of Costs in Dkt. 142.

district court's decision to award costs is given "virtually complete deference") (internal citations and quotations omitted); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 429 ("although there is a presumption in favor of a cost award to the prevailing party, the district court retains the discretion to direct otherwise.") (internal citation omitted). The recoverable costs are listed in § 28 U.S.C. 1920. Rule 54(d) "creates a strong presumption that the prevailing party will be awarded those costs of litigation identified in 28 U.S.C. § 1920," (*Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014)), and each expense must fall into a statutorily-authorized category. *Cefalu*, 211 F.3d at 427. The U.S. Supreme Court has instructed that "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). A court must therefore determine whether the costs are (1) allowable under Section 1920 and (2) reasonable and necessary to the litigation. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).

**A. Costs of Transcripts**

Ward seeks $1812.45 in transcript costs. Ward attaches two invoices from Veritext Legal Solutions, one for the transcript of Plaintiff David Meyer ($1107.60) and the other for Defendant Krista Ward ($704.85). Meyer and Ward were the main witnesses in the case and both testified at trial. Plaintiff does not object to these costs and generally the Court finds them to be reasonable and necessary to the litigation in this case. *See* LR 54.1(b) ("the expense of any prevailing party in

necessarily obtaining all or any part of a transcript for use in a case…shall be taxable as costs against the adverse party.").[2]

The Court notes, however, that the Ward transcript invoice included an expedited fee of $75.60. Ward failed to explain the need for the expedited transcript. This cost is not allowable absent a showing "that it was reasonable and necessary to order transcripts on an expedited basis." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *3 (N.D. Ill. Jan. 14, 2014) (internal citations and quotations omitted). Therefore, the Court deducts $75.60 and awards $1736.85 to Ward.

**B. Transcontinental Fund Administration Charges**

The Court finds that the requested Transcontinental Fund Administration ("TFA") expenses are not recoverable. Ward describes TFA as an "independent third-party administrator" that "provided all of the proof necessary and evidence submitted at trial to defend against Plaintiff's numerous allegations." (Dkt. 145 at 1, 2). She attached to her Affidavit TFA's "Schedule of Work" (hereafter, TFA invoice) listing time entries, and explains that "[a]ll itemized 'communication' charges are for fees TFA charged for their time in speaking with Ms. Ward or Mr. Muldoon regarding this case and the documents they needed to provide for trial." (*Id.* at 2).

Ward's justification for seeking recovery of TFA's expenses is inconsistent. The Bill of Costs requests $3965.50 in "other costs." Yet Ward argues that the entries on

---

[2] The Meyer Veritext invoice lists an "attendance fee" for Mr. Meyer of $420. Witness fees are compensable under § 28 U.S.C. 1920(3). The Court finds this fee to be reasonable and necessary to the litigation and Plaintiff did not object.

the TFA invoice are recoverable specifically under Sections 1920(3) and (4). (Dkt. 145 at 3). Section 1920(3) allows for reimbursement of fees for printing and witnesses and Section 1920(4) for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Ward did not mark any amounts next to those categories on the Bill of Costs.

Ward admits that TFA charged for "*their time in speaking with Ms. Ward or Mr. Muldoon.*" (Dkt. 145 at 2) (emphasis added). Indeed, a majority of the entries on the TFA invoice are general descriptions of emails or communications: "Multiple emails; Phone calls with Krista and Attorney re Meyer lawsuit"; "Email to Krista regarding Muldoon/Meyer case"; "Email with John Muldoon re Meyer"; "Phone call with Muldoon re Meyer."[3] Ward does not cite any authority for the proposition that a third party vendor's time spent drafting emails or communicating about a case are compensable costs under Section 1920, and the Court is not aware of any.

Ward's contention that Section 1920(3) applies falls flat because there are no entries for printing or witness costs on the TFA invoice. She also tries to fit the TFA charges within Section 1920(4). Under that section, a court may award "recovery for amounts paid to vendors for the preparation of trial exhibits." *Neuros Co. v. KTurbo, Inc.*, No. 08-CV-5939, 2011 WL 3841683, at *6 (N.D. Ill. Aug. 25, 2011). Recovery is generally limited to "the physical preparation and duplication of documents."

---

[3] Other entries provide little or no indication that the work done was related to this case, e.g.: "Emails re: Calhoun"; "emails re: Calhoun and setting up a meeting with Krista"; "Discussion with Joseph regarding setting up meeting with Krista." A few entries are only slightly less vague: "Research into litigation/communication with Krista"; "review of document production for Muldoon/email to Muldoon"; "Email re: document production for Muldoon"; "provision of financials for Muldoon."

*Cefalu*, 211 F.3d at 427, n.5 (internal citations and quotations omitted). The entries on the TFA invoice do not refer to the physical preparation, exemplification or duplication of documents.

The Court cannot take Ward at her word that TFA provided specific trial exhibits such as the executed subscription agreements and Offering Memorandum (Dkt. 145 at 2) without supporting, sufficiently detailed documentation. Vague entries on the TFA invoice for "provision of financials" and "Calhoun Accounting Preparation" are not enough. *See Chicago Bd. Options Exch., Inc.*, 2014 WL 125937 at *7 ("When the costs cannot be obtained reasonably by reference to supporting documentation, the costs as requested cannot be awarded.") (internal citations and quotations omitted). In *Chicago Bd. Options Exch., Inc.*, the Court declined to award costs for timesheet entries that did not identify the exhibits created, indicate whether they were admitted at trial, or specify the work hours for each exhibit. *Id*. at *6. Similarly, here, the TFA entries do not identify any specific document or exhibit, the cost of copies or exemplification of any document or exhibit, or indicate whether a particular document or exhibit was admitted at trial.

Further, the TFA entries "review of document production", "Email re: document production", and "Research into litigation/communication with Krista" are vague and are the type of charges the Seventh Circuit has found not to be compensable. *See Cefalu*, 211 F.3d at 427, n.5 (exemplification and copying fees permitted for "the physical preparation and duplication of documents, not the intellectual effort involved in their production.") (internal citations and quotations omitted); *McIlveen*

*v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (district court's denial of reimbursement for research as part of costs was "not an abuse of discretion because such expenses are more akin to awards under attorneys fees provisions than under costs.").

**C. Conclusion**

For the reasons discussed, Defendant Krista Ward's Bill of Costs is awarded in the amount of $1736.85 in favor of Ward and against Plaintiff David Meyer. Ward's request for costs is otherwise denied.

Dated: February 15, 2018    E N T E R:

*Mary M Rowland*

---

MARY M. ROWLAND
United States Magistrate Judge